UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JOHN WENINGER,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

GENERAL MILLS OPERATIONS, LLC

        Defendant.

Case No. 18-cv-321

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1. This is a legal action brought pursuant to the Family and Medical Leave Act of 1993, as amended ("FMLA"), and the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff, John Weninger, against Defendant, General Mills Operations, LLC.

2. Plaintiff brings his FMLA claims and causes of action against Defendant on behalf of himself.

3. Plaintiff brings his FLSA claims and causes of action against Defendant on behalf of himself and all other similarly situated current and former non-exempt Production employees of Defendant for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FMLA, 29 U.S.C. § 2601 *et seq.*, and the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

6. Plaintiff, John Weninger, is an adult male resident of the State of Wisconsin residing at 631 Hillcrest Avenue, South Milwaukee, Wisconsin 53172.

7. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), is contemporaneously filed with this Complaint. (ECF No. 1.)

8. Defendant is a United States-based manufacturer and marketer of branded consumer foods.

9. Defendant's corporate headquarters are located in Minneapolis, Minnesota, and its principal place of business is located at Number One General Mills Boulevard, Minneapolis, Minnesota 55426.

10. Within the last three (3) years, Defendant has operated production facilities across the United States, including in the States of California, Georgia, Illinois, Iowa, Indiana, Michigan, Minnesota, Missouri, New Jersey, New Mexico, New York, Ohio, Tennessee, and Wisconsin.

11. Defendant's Wisconsin production facility is located in Milwaukee, Wisconsin, with an address of 4625 South 6th Street, Milwaukee, Wisconsin 53221.

12. Defendant's registered agent for service of process in the State of Wisconsin is National Registered Agents, Inc., located at 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

## COVERAGE AND GENERAL ALLEGATIONS

13. Plaintiff worked as a non-exempt, hourly employee at Defendant's Milwaukee, Wisconsin production facility within the last three (3) years from the date of the filing of this Complaint. (ECF No. 1.)

14. The vast majority of employees who work at Defendant's production facilities across the United States, including at its Milwaukee, Wisconsin location, are employed in non-exempt positions as part of Defendant's production process, including but not limited to the positions of: Production, Production Operator, Maintenance, Maintenance Operator, Mechanic, Mechanic Operator, Quality Technician, Training Coordinator, Operations, Utilities, Sanitation, Sanitarian, and Team Lead.

15. During Plaintiff's employment with Defendant, he regularly worked alongside other non-exempt Production employees at Defendant's Milwaukee, Wisconsin production facility in the position of Training Coordinator.

16. Most of Defendant's non-exempt Production employees, including Plaintiff, work at least one of three shifts at Defendant: First Shift (approximately 7:00 a.m. to 3:00 p.m.); Second Shift (approximately 3:00 p.m. to 11:00 p.m.); and/or Third Shift (approximately 11:00 p.m. to 7:00 a.m.)

17. During Plaintiff's employment with Defendant, his normal or customary weekly shift schedule was Monday through Friday, 10:00 a.m. to 6:30 p.m.

18. During Plaintiff's employment with Defendant, it was a covered employer for FMLA purposes.

19. During Plaintiff's employment with Defendant, he did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

20. During Plaintiff's employment with Defendant and at the time of his FMLA leave requests, Defendant employed at least fifty (50) employees within seventy-five (75) miles of its Milwaukee, Wisconsin production facility.

21. During Plaintiff's employment with Defendant and at the time of his FMLA leave requests, he had been employed by Defendant for twelve (12) months and had worked at least 1,250 hours during the prior twelve (12) months.

22. During Plaintiff's employment with Defendant, he did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

23. Plaintiff has exhausted all administrative remedies and satisfied all conditions precedent, if any, to bringing this action.

24. For purposes of the FLSA, Defendant is an "employer" of "employees," Plaintiff and all others similarly situated, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

25. For purposes of the FLSA, and during Plaintiff's employment with Defendant, its workweek was Monday through Sunday.

26. Regarding Plaintiff's FLSA claims and causes of action, he brings this action on behalf of himself and all current and former non-exempt Production employees of Defendant who were employed by it at any of its Unites States production facilities within the last three (3) years from the date of filing of this Complaint and who were subject to the same unlawful policies, practices, customs, and/or schemes, including Defendant's failure to include all non-

4

discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in their regular rates of pay for overtime purposes in violation of the FLSA.

27. Plaintiff and all other current and former non-exempt Production employees of Defendant on whose behalf he brings these FLSA claims and causes of action in this Complaint were non-union employees of Defendant.

28. Plaintiff and all other current and former non-exempt Production employees of Defendant on whose behalf he brings these FLSA claims and causes of action in this Complaint: performed compensable work on behalf of and/or at the direction of Defendant; supervised their day-to-day activities; had the ability and authority to hire, terminate, promote, demote, and suspend them; had the ability and authority to review their work performance; established the work rules, policies, and procedures by which they abided in the workplace; controlled the terms and conditions of their employment; established their work schedules and provided them with work assignments and hours of work; and tracked and recorded their hours of work.

## FMLA ALLEGATIONS

29. Plaintiff brings these FMLA claims and causes of action on behalf of himself under the FMLA, 29 U.S.C. § 2601 *et seq.*

30. Plaintiff was employed by Defendant from approximately the year 2004 until on or about May 3, 2017.

31. At end of Plaintiff's employment with Defendant on or about May 3, 2017, he was employed in the position of Training Coordinator at Defendant's Milwaukee, Wisconsin production facility.

32. At end of Plaintiff's employment with Defendant on or about May 3, 2017, he reported directly to Scott Rettammel, Manager.

5

33. On or about January 30, 2017, Plaintiff informed Defendant of his desire to utilize FMLA leave for his own serious health condition(s).

34. On or about January 30, 2017, Plaintiff informed Defendant of his desire to utilize FMLA leave to cover his anticipated absence(s) from work at Defendant commencing during the first week of March 2017 for a scheduled arthroplasty, a surgical procedure performed to repair and restore the joint functioning in Plaintiff's hand(s), on or about March 3, 2017.

35. Defendant approved Plaintiff's FMLA leave for his own serious health condition(s) from approximately March 3, 2017 to May 2, 2017.

36. On or about March 2, 2017 was Plaintiff's last day of actual work at Defendant.

37. As of at least March 2, 2017, Defendant had knowledge or notice that Plaintiff was going to be absent from work at it as a result of his own serious health condition(s) on at least the following days: March 3, 2017 and March 6, 2017.

38. As of approximately February 1, 2017, Defendant had knowledge or notice that Plaintiff was going to be absent from work at it as a result of his own serious health condition(s) from approximately March 3, 2017 to May 2017.

39. On or about March 3, 2017, Plaintiff underwent an arthroplasty on his left hand and wrist.

40. From approximately March 3, 2017 to May 2, 2017, Plaintiff was off of work at Defendant on approved FMLA leave because of his own serious health condition(s).

41. On or about May 3, 2017, Plaintiff returned to work at Defendant from his approved FMLA leave of absence because of his own serious health condition(s).

42. On or about May 3, 2017, Defendant terminated Plaintiff's employment.

43. On or about May 3, 2017, Defendant terminated Plaintiff's employment based upon his FMLA-approved absences on March 3, 2016 and/or March 6, 2016.

**FLSA ALLEGATIONS: NON-DISCRETIONARY COMPENSATION**

44. Plaintiff brings these FLSA claims and causes of action on behalf of himself and all other similarly situated non-exempt Production employees as authorized under the FLSA, 29 U.S.C. § 216(b).

45. Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include non-discretionary compensation in Plaintiff's and all other current and former non-exempt Production employees' regular rates of pay for overtime compensation purposes.

46. Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former non-exempt Production employees of their wages earned for all compensable work performed each workweek, including overtime pay for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policy fails to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in all current and former non-exempt employees' regular rates of pay for overtime calculation purpose.

47. Defendant's deliberate failure to properly compensate its non-exempt Production employees in such a fashion violates federal law as set forth in the FLSA.

48. During Plaintiff's employment with Defendant, he was compensated by Defendant on a weekly basis.

49. During the last three (3) years from the date of the filing of this Complaint (ECF No. 1), all current and former non-exempt Production employees of Defendant were compensated on a weekly basis.

50. During Plaintiff's employment with Defendant, it compensated him and all other current and former non-exempt Production employees with, in addition to an hourly or regular rate of pay, other non-discretionary forms of compensation, such as performance bonuses, attendance bonuses, hiring/retention bonuses, incentives, and/or other rewards.

51. During Plaintiff's employment with Defendant, the non-discretionary forms of compensation with which Defendant routinely compensated Plaintiff and all other current and former non-exempt Production employees were in the form of performance bonuses, attendance bonuses, hiring/retention bonuses, incentives, and/or other rewards.

52. During Plaintiff's employment with Defendant, it routinely compensated him and all other current and former non-exempt Production employees with non-discretionary forms of compensation on an annual or bi-annual basis.

53. During Plaintiff's employment with Defendant, it routinely compensated him and all other current and former non-exempt Production employees with performance-related bonuses on a bi-annual basis.

54. During Plaintiff's employment with Defendant, it routinely compensated him and all other current and former non-exempt Production employees with attendance bonuses on an annual basis.

55. During Plaintiff's employment with Defendant, the performance and attendance bonuses Defendant routinely compensated Plaintiff and all other current and former non-exempt Production employees with were non-discretionary in nature: they were made pursuant to a known plan or (performance or productivity) formula and/or were announced and known to Plaintiff and all other current and former non-exempt Production employees to encourage and/or reward their steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance and/or attendance.

56. During Plaintiff's employment with Defendant, it failed to include the aforementioned non-discretionary forms of compensation in his and all other current and former non-exempt Production employees' regular rates of pay when determining overtime compensation due to them during workweeks when said employees worked more than forty (40) hours during the representative time period. For example, during the year 2016, Defendant compensated Plaintiff with a non-discretionary performance bonus in the amount of $3,209.92 that covered a representative time period of approximately six (6) months, but failed to include this bonus in Plaintiff's regular rates of pay when determining overtime compensation due to Plaintiff during those workweeks that comprised this representative time period.

57. Defendant's unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt Production employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

58. Defendant was or should have been aware that its unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt Production employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

59. The similarly situated employees in Plaintiff's Second Cause of Action (FLSA Non-Discretionary Compensation – Collective Action) include:

> **FLSA Collective:** All individuals who are or have been employed by Defendant as a non-exempt Production employee within the three (3) years prior to this action's filing date (ECF No. 1) who received non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, that was not included in their regular rates of pay for overtime calculation purposes.

60. Defendant, as a matter of practice, did not include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

61. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

62. Plaintiff's Second Cause of Action (FLSA Non-Discretionary Compensation – Collective Action) is brought under and maintained as opt-in Collective Actions pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

63. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

64. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

65. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's production facilities in areas where postings are normally made.

66. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## FIRST CAUSE OF ACTION – FMLA INTERFERENCE

67. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

68. Defendant intentionally interfered with Plaintiff's rights and terminated his employment for exercising his rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*.

69. As a result of Defendant's intentional violation of the FMLA, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance.

## SECOND CAUSE OF ACTION – FLSA NON-DISCRETIONAY COMPENSATION
## (COLLETIVE ACTION)

70. Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

71. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

72. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

73. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

74. Plaintiff and the FLSA Collective are victims of a uniform and unlawful compensation policy and practice as applied to them in violation of the FLSA.

75. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour he/she worked in excess of forty (40) hours each workweek.

76. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

77. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

78. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

79. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

80. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

81. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial as a result of its violations of the FMLA;

b) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Production employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this FLSA collective action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this FLSA collective action, the nature of this FLSA collective action, and of their right to "opt in" to this FLSA collective action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this FLSA collective action;

c) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Production employees of Defendant damages in the form of reimbursement for unpaid overtime wages provided by the FLSA;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Production employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

f) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Production employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

g) Provide Plaintiff and all other similarly-situated Production employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 2nd day of March, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi***

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com