UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| John Weninger, on behalf of himself and all others similarly situated, | Case No. 18-cv-321 |
| Plaintiff, | |
| vs. | |
| General Mills Operations, LLC, | |
| Defendant | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant General Mills Operations, LLC ("Defendant" or "General Mills"), by and through its undersigned counsel, and under Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rule 56(b)(1), submits this memorandum in support of its motion for partial summary judgment.

## I. INTRODUCTION

Plaintiff John Weninger ("Plaintiff"), a former hourly employee of Defendant General Mills, asserts that General Mills failed to properly pay overtime wages relating to his annual Wage Incentive Bonus, in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff's claim is baseless. The undisputed facts, including his own testimony, confirms that General Mills properly included Plaintiff's bonus in his regular rate of pay for calculating overtime by applying an identified percentage multiplier to Plaintiff's total earnings – including both straight time and overtime – consistent with 29 CFR § 778.210. Employers may use this percentage method because it achieves the same result of incorporating the bonus into the employee's total earnings to increase the regular rate of pay for overtime. Because Plaintiff received all overtime wages to which he was entitled, summary judgment is appropriate on Plaintiff's FLSA claim.

## II.   PROCEDURAL BACKGROUND

On March 2, 2018, Plaintiff sued General Mills, alleging two causes of action: (1) Family Medical Leave Act interference and (2) violation of the FLSA for failure to compensate Plaintiff and others similarly situated overtime premium pay at the proper overtime rate.  (*See* Complaint, Dkt. 1.)  With respect to his FLSA claim, Plaintiff alleges that Defendant has an unlawful policy that fails to include "all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in all current and former non-exempt employees' regular rates of pay for overtime calculation purpose."  (*See id.*, ¶ 46.)  He also alleges that during his employment, Defendant compensated him with "non-discretionary forms of compensation, such as performance bonuses, attendance bonuses, hiring/retention bonuses, incentives, and/or other rewards." (*See id.*, ¶ 50.)

On June 22, 2018, Plaintiff filed his Motion for Conditional Certification, seeking to pursue his FLSA claim as a collective action under 29 U.S.C. § 216(b).  (*See* Dkt. 16, 17.)  Plaintiff's motion specifically identified and limited the alleged FLSA violation as failing to include the "wage incentive bonus" in non-exempt production employees' regular rate of pay calculation. (*See id.*)   Plaintiff identified the proposed collective as, "All current and former hourly paid, non-exempt Production Employees who were employed by Defendant at any of its production facilities in the United States between March 2, 2015 and March 2, 2018 and who received a 'wage incentive bonus' that was not included in their regular rates of pay for overtime compensation purposes…" (*See* Dkt. 16, 17.)  Because General Mills' Wage Incentive Bonus is consistent with the law, Defendant files this motion for summary judgment.

## III. FACTUAL BACKGROUND

### A. General Mills Operates Numerous Production Facilities Throughout The United States; Some Of Which Have Hourly Incentive Programs That Pay Wage Incentive Bonuses To Non-Exempt Production Employees.

General Mills operates approximately 27 facilities in the United States part of the production process of a wide variety of food products ("Production Facilities"). (Defendant's Proposed Findings of Fact ("PFOF") 1.) From March 2, 2015 through March 2, 2018, some General Mills Production Facilities adopted Hourly Incentive Programs. (PFOF 8.) As part of these Hourly Incentive Programs, Production Facilities could pay biannual bonuses to their non-exempt production employees ("Wage Incentive Bonuses"). (PFOF 9.) From March 2, 2015 through May 31, 2017, General Mills had no uniform Hourly Incentive Policy across all facilities; instead, the policies varied by location. (PFOF 10.) After May 31, 2017, General Mills changed the bonus plans across its sites; however, Plaintiff was not employed at this time and thus did not receive any bonus under the new plan. (PFOF 11.) On a broad level, however, the local, site-specific plans considered eligible earnings, which included any overtime earnings, multiplied by a percentage multiplier, along with various other site-specific criteria, or offered a lump sum bonus payout, which was then recalculated into the regular rate for overtime purposes. (PFOF 20.)

### B. General Mills' Milwaukee Production Facility Has An Hourly Incentive Program.

From March 2, 2015 to May 31, 2017, the Milwaukee Production Facility where Plaintiff worked used the Milwaukee Hourly Incentive Program ("HIP") to award biannual Wage Incentive Bonuses to its non-exempt production employees. (PFOF 21.) Thereafter, the Milwaukee Production Facility changed its plan, but Plaintiff was not employed at this time and

3

thus did not receive any bonus under the new plan. (PFOF 22.) The Milwaukee Wage Incentive Bonus is not a lump sum, but an amount obtained by considering an employee's eligible earnings with various other factors including the facility's performance, the employee's individual performance, and other ratings including plant and cell ratings. (PFOF 23.) Individual ratings were determined through the performance appraisal process, which assesses individual accomplishments against goals and objectives for the year and demonstrated behaviors. (PFOF 24.) These factors are all considered to obtain a standard multiplier. (PFOF 25.) This multiplier is then applied to an employee's "eligible earnings." (PFOF 26) An employee's "eligible earnings" include both straight time and overtime pay. (PFOF 27.) Eligible earnings" also include holiday pay. (PFOF ¶ 28.)

Under the Milwaukee HIP, an employee receives a Mid-Year Wage Incentive Bonus payment based on a standard 2.5% multiplier, a 1.2 average individual rating, year-to-date cell and plant performance and the employee's total earnings during the first six months of the fiscal year. (PFOF 31.) At the end of the fiscal year, an employee's total earnings are multiplied by the standard 2.5% and then by cell, plant, and individual performance. (PFOF 32.) As was true with the December payment, earnings for the end of year payment include both straight time and overtime pay before taxes. (PFOF 33.) This payment is paid in early July and is based on earnings from the entire fiscal year. (PFOF 34.) The December mid-year payment is then subtracted from the June payout to determine the final incentive payment for the year. (PFOF 35.)

4
Case 2:18-cv-00321-JPS   Filed 07/13/18   Page 4 of 12   Document 22

Under the Milwaukee HIP, the formula to calculate a Wage Incentive Bonus is:

**TOTAL EARNINGS (INCL. STRAIGHT TIME AND OVERTIME) *x* 2.5% *x* PLANT RATING**

***x* CELL RATING *x* INDIV. RATING**

(PFOF 36.)

So, for example, if an employee earns $40,000 a year (including all straight time and overtime earnings) a Mid-Year Wage Incentive Bonus payment would be calculated as follows:

> $20,000 Total Earnings *x* 2.5% Multiplier *x* 1.4 Plant Rating *x* 1.2 Cell Rating *x* 1.2[1] Average Individual Rating = <u>$1,008 Mid-Year Wage Incentive Bonus Payment</u>.

(PFOF 37.)

The Annual Wage Incentive Bonus would be calculated as follows:

> $40,000 Total Earnings *x* 2.5% Multiplier *x* 1.8 Plant Rating *x* 1.48 Cell Rating *x* 1.3 Individual Rating = <u>$3,463 Annual Wage Incentive Bonus Payment</u>.

(PFOF 39.)

Then, because the employee has already received $1,008 of their Annual Wage Incentive Bonus, that amount is subtracted from the total, and the employee is paid $2,455 (i.e., $3,463-$1,008). (PFOF 40.)

### C. Plaintiff Received Wage Incentive Bonuses Consistent With The Milwaukee HIP.

Plaintiff was a non-exempt Training Coordinator at the Milwaukee Production Facility. (PFOF 41.) As a non-exempt production employee, Plaintiff was paid an hourly rate of pay and also received certain incentive pay, including a Wage Incentive Bonus under the Milwaukee HIP. (PFOF 43.)

Plaintiff has admitted that his Wage Incentive Bonus was paid by using a formula that was both unique to the Milwaukee Production Facility and was a percentage of his total earnings.

---

[1] The Milwaukee plant used the 1.2 performance rating as a placeholder to signify an average rating at midyear because annual ratings were not completed by this time. (PFOF 38.)

(PFOF 44.) He correctly notes: "The formula, as I understood it, was calculated by <u>multiplying my year-to-date earnings, including regular and overtime pay, by our Milwaukee, Wisconsin plant's performance rating, our cell's performance rating, and my own personal performance rating</u>." (PFOF 45.)

Plaintiff's Wage Incentive Bonuses were calculated consistent with the Milwaukee HIP as follows:

**FY2015**

- $19,541.16 Total Earnings *x* 2.5% *x* 1.3 Plant Rating *x* 1.103 Cell Rating *x* 1.2 Individual Rating = $840.60 Mid-Year Wage Incentive Bonus Payment

- $48,191.41 Total Earnings *x* 2.5% *x* 1.45 Plant Rating *x* 1.22 Cell Rating *x* 1.0 Individual Rating = $2,130.87 Annual Wage Incentive Bonus Payment

- $2,130.87 (Annual) - $840.60 (Mid-Year Wage Incentive Bonus Payment) = $1,290.27

(PFOF 47(a).)

**FY2016**

- $27,475.43 Total Earning *x* 2.5% *x* 1.25 Plant Rating *x* 0.91 Cell Rating *x* 1.2 Individual Rating = $889.66 Mid-Year Wage Incentive Bonus Payment

- $58,939.16 Total Earnings *x* 2.5% *x* 1.45 Plant Rating *x* 1.18 Cell rating *x* 1.05 Actual Individual Rating = $2,638.21 Annual Wage Incentive Bonus Payment

- $2,1638.21 (Annual) - $889.66 (Mid-Year Wage Incentive Bonus Payment) = $1,748.54

(PFOF 47(b).)

**FY2017**

- $31,408.82 Total Earnings *x* 2.5% *x* 1.11 Plant Rating *x* 1.40 Cell Rating *x* 1.2 Average Individual Rating = $1,461.38

(PFOF 47(c).)

Plaintiff admits, and his wage statements attached to his Motion confirm, that the Wage Incentive Bonus payments applied the percentage multiplier to Plaintiff's Total Earnings, which included his straight time and overtime earnings. (PFOF 48.)

### D. Plaintiff's Motion And Declaration Shows That The Wage Incentive Bonus Complies With The Law.

To support his Motion, Plaintiff submits excerpts from two depositions and his own declaration. (*See* Dkt. 17-19.) Although Plaintiff initially describes the Wage Incentive Bonus as a "lump sum," throughout his Motion and supporting declaration, Plaintiff reaffirms that his bonus was not a lump sum, but calculated as a percentage of his total income, consistent with Milwaukee HIP and federal law:

- "Defendant also had an established formula or equation that determined the specific amount of all Production Employee's wage incentive bonuses, including the following generally known and broadly accepted criteria: eligible earnings for the year <u>including base pay and overtime</u>…" (Dkt. 19 at p. 5) (emphasis added).

- "Overtime pay is based off their hourly rate, and the bonus is based off of their <u>annual earnings times this percentage</u> that we get from the formula to kick out a number for their bonus." (Dkt. 19 at p. 5-6) (citing Deposition of Chris Julian 102:2-23) (emphasis added).

- "I further understood that the amount of my Wage Incentive Bonus was based upon a fixed formula. The formula, as I understood it, was calculated <u>by multiplying my year-to-date earnings, including regular and overtime pay</u>, by our Milwaukee, Wisconsin plant's performance rating, our cell's performance rating, and my own personal performance rating." (Dkt. 19, Weninger Decl., ¶ 8) (emphasis added).

There is no dispute about how Plaintiff's Wage Incentive Bonus was calculated.

### IV. ARGUMENT

### A. Standard Governing Motions For Summary Judgment.

Summary judgment shall be rendered if no genuine material fact issue exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Supreme Court has repeatedly affirmed that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules." *See Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

Under Rule 56(a), "a party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Defendant asks this Court to summarily adjudicate Plaintiff's second claim for relief in which he alleges that Defendant failed to include bonuses when calculating the regular rate of pay used to compute the overtime rate because Defendant's bonus plan follows federal law.

> **B. Defendant Is Entitled To Judgment As A Matter Of Law On Plaintiff's Claim For Failure To Pay Overtime Because At All Times It Properly Incorporated Bonuses And The Applicable Overtime Into Plaintiff's Regular Rate.**

Under the FLSA, 29 U.S.C. § 201 et seq., covered employers must pay non-exempt employees overtime for all hours worked over 40 in each workweek. 29 U.S.C. § 207. Overtime is paid at the rate of one and a half times the employee's "regular rate" of pay per hour. *Id*. In determining the employee's regular rate of pay, the employer must include "all remuneration for employment" paid to the employee, with very limited exceptions. 29 C.F.R § 779.18. Because they are considered "remuneration for employment," when non-exempt employees are paid certain bonuses, those bonuses must be included in an employee's overtime rate of pay, and the employer must recalculate the "regular rate" usually when the bonus is paid. *See* 29 C.F.R. § 778.209.

"Alternatively, an employer can calculate overtime compensation without relying on the regular rate: § 778.210 permits employers to satisfy FLSA's overtime compensation requirements by calculating the bonus as a 'percentage of total earnings' by multiplying the employee's pay by the same fixed percentage of both the employee's straight-time earnings and

overtime earnings." *Harris v. Best Buy Stores, L.P.*, No. 15-cv-657-HSG, 2016 WL 4073327, at *4 (N.D. Cal. Aug. 1, 2016) (quoting U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, (Jan. 23, 1997), 1997 WL 998000, at *1; and citing 29 C.F.R. § 778.210); *see also* 29 C.F.R. § 778.503 ("As explained in § 778.210 of this part, a true bonus based on a percentage of total wages—both straight time and overtime wages— satisfies the [FLSA's] overtime requirements, if it is paid unconditionally. This bonus increases both straight time and overtime wages by the same percentage, and thereby includes proper overtime compensation as an arithmetic fact.").

The U.S. Department of Labor's regulations interpreting and applying the FLSA state that a percentage bonus functions to increase all of an employee's compensation, including both straight time and overtime, for the time over which the bonus was earned. *See* 29 C.F.R. §§ 778.210; 778.503. By taking a percentage of an employee's total earnings including overtime, a percentage bonus accomplishes the same result had an employee been paid the higher rate of pay, including overtime premiums, from the beginning of the bonus period. *Id*. If an employer has a percentage bonus plan, it need not do any recalculation of additional overtime premiums. *Id*.; U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (Jan. 5, 2018) (re-issuing withdrawn opinion letter finding a percentage bonus lawful, with no further calculation of overtime premiums on the bonus, and providing guidance about what types of compensation must be included in the calculation); U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, FLSA2006-4NA, 2006 DOLWH LEXIS 20 (Feb. 17, 2006) (finding a percentage bonus lawful method of paying overtime where the same predetermined percentage is applied to the employee's straight time).

A percentage bonus accomplishes in one mathematical step an increase in the regular rate and a corresponding increase in the overtime paid. 29 C.F.R. §§ 778.210; 778.503. Both

federal case law and administrative guidance are equally clear that percentage bonuses satisfy overtime requirements and do not require any additional recomputation or payments. *See Brock v. Two "R" Drilling Co.*, 789 F.2d 1177, 1179 (5th Cir. 1986) ("[T]he payment of a bonus calculated as a percentage of the employee's total wages . . . generally does not require recomputation of the 'regular' rate of pay for purposes of section 207(a) because the bonus is deemed to increase the straight time pay and the overtime pay by the same percentage, thus not altering the ratio between them."); U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2009-27, 2009 DOLWH LEXIS 31, at *6 (Mar. 2, 2009) ("[A] bonus paid as a predetermined percentage of an employee's straight time and overtime compensation increases the straight-time and overtime earnings by the same percentage, and thereby includes proper overtime-premium compensation without need for additional computation."); U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2006-4NA, 2006 DOLWH LEXIS 20, at *2-3 (Feb. 17, 2006) (stating that no additional computation or payment of overtime is required when monthly bonus payments are calculated as a percentage because "the same predetermined percentage is applied to the employee's straight time and overtime earnings" and the bonus payments "automatically include the overtime pay due under the FLSA"). So, contrary to Plaintiff's argument, a percentage bonus is not unlawfully excluded from the regular rate of pay, but is a simple, mathematical method by which an employer can incorporate a bonus and the overtime into the regular rate in one step.[2] *Id*.

---

[2] For example, assume an employee is paid $10 an hour for 2,080 straight time hours in a year and is paid for 208 overtime hours in a year. The employee's total compensation is $23,920 (2,080 hours x $10 per hour) + (208 hours x 1.5 x $10 per hour). If an employee is paid a 10% percentage bonus, the employee's bonus will be $2,392 (2,080 hours x $10 per hour x 10%) + (208 hours x 1.5 x $10 per hour x 10%). The total of the original compensation and the percentage bonus is $26,312. This is the same amount that would result if the employee had been paid $11 an hour from the commencement of the bonus (2,080 hours x $11 + 208 hours x 1.5 x $11) = $26,312.

Here, Plaintiff's Wage Incentive Bonus payment under the Milwaukee HIP satisfies the conditions in 29 C.F.R § 778.210 as the percentage is applied to Plaintiff's *total earnings*, including both straight time and overtime compensation. (*See* PFOF 27, 33, 36, 48; Dkt. 19, Weninger Decl. ¶ 8). There is no dispute that Defendant identified a percentage multiplier and applied that to Plaintiff's total earnings to get Plaintiff's Wage Incentive Bonus. (Dkt. 19, Weninger Decl. ¶ 8) ("The formula, as I understood it, was calculated by <u>multiplying my year-to-date earnings, including regular and overtime pay</u>, by our Milwaukee, Wisconsin plant's performance rating, our cell's performance rating, and my own personal performance rating.")

There is also no dispute that Plaintiff was paid consistent with that formula. (*See* Dkt. 19, Weninger Decl., Exs. A-E.) Plaintiff admits, and his wage statements attached to his Motion confirm, that the Wage Incentive Bonus payments applied a percentage multiplier to Plaintiff's Total Earnings, which included his straight time and overtime earnings. (PFOF 27; s*ee also* Dkt. 19, Weninger Decl., Exs. A-E). All of Plaintiff's bonus payments under the Milwaukee HIP automatically include all overtime pay due under the FLSA and, therefore, no additional compensation or payment of overtime is required. In fact, Plaintiff's "Eligible earnings" used to calculate the Wage Incentive Bonus also included holiday pay, which, under federal law is not required to be considered in calculating a percentage bonus. (PFOF 28); 29 U.S.C. § 207(e). As such, General Mills' percentage bonus policy is actually more generous than required. Accordingly, there is no violation of law here.

## V. CONCLUSION

Because General Mills' Wage Incentive Bonus is calculated and paid consistent with the law, Defendant is entitled to judgment as a matter of law on Plaintiff's FLSA claim. Defendant respectfully requests that the Court enter judgment in its favor, and grant any additional and further relief it deems just and proper.

Dated: July 13, 2018

*s/ Shanthi V. Gaur*
Sofija Anderson (WI SBN: 1041498)
**LITTLER MENDELSON, P.C.**
111 East Kilbourn Avenue; Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Facsimile: 414.291.5526
E-mail: sanderson@littler.com

Shanthi V. Gaur (SBN: 06224996)
**LITTLER MENDELSON, P.C.**
321 North Clark Street; Suite 1000
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
E-mail: sgaur@littler.com

**ATTORNEYS FOR DEFENDANT**

Firmwide:155724618.1 040218.2400