# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN WENINGER,<br><br>                            Plaintiff,<br>v.<br><br>GENERAL MILLS OPERATIONS LLC,<br><br>                           Defendant. | Case No. 18-CV-321-JPS<br><br><br>**ORDER** |

        On September 25, 2018, the Court conditionally certified Plaintiff John Weninger's collective action under the FLSA, and stated that parties could engage in further discovery, including discovery relevant to the final collective action certification. (Docket #36 at 16–17). On October 23, 2018, Plaintiff filed an expedited motion to compel supplemental discovery answers and responses pursuant to Civ. L. R. 7(h). (Docket #45). Specifically, Plaintiff requested supplemented responses to Interrogatories 5 and 14 of its first set of interrogatories. (Docket #45 at 1, 3).

        Conditional certification of a collective action permits class discovery and allows putative class members to be notified of the lawsuit and opt in if they so choose. 29 U.S.C. § 216(b); *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579–81 (7th Cir. 1982). "[T]here will be cases in which a plaintiff can properly use the discovery process to compel the employer to give him detailed information regarding other employees, potential joiners in the action." *Id.* at 781.

        Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In assessing proportionality,

the Rule directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; *Elliott v. Superior Pool Prods., LLC*, No. 15-cv-1126, 2016 WL 29243, at *2 (C.D. Ill. Jan. 4, 2016).

Interrogatory No. 5 requests that Defendant "identify each and every non-exempt employee who received a nondiscretionary bonus and/or extra compensation from March 2, 2015 through the present date." (Docket #45 at 1). Interrogatory No. 14 requests that Defendant "identify each and every category of nondiscretionary bonus and/or extra compensation remunerated to any and all non-exempt employee from March 2, 2015 through the present date." *Id.* Plaintiff requests this information in the same or similar format as the list of putative collective members produced on October 19, 2018. *Id.* at 2.

These interrogatories seek information about members of the putative class on issues related to the heart of this matter—namely, who received other nondiscretionary bonuses/extra compensation, and how this additional compensation was categorized. This is undoubtedly relevant. It is also time-efficient to give Plaintiff the information requested in these interrogatories now. Doing so allows Plaintiff to conduct adequate discovery before the impeding summary judgment deadline without needing to make an additional request each time a new member opts in (which will happen intermittently until the expiration of the notice

period on November 23, 2018). Additionally, the burden on Defendant to produce this information appears to be minimal. The Court appreciates Defendant's argument that discovery should be limited to individuals who have already opted in to the action, and acknowledges that after final certification, information regarding parties that did not opt in will be irrelevant. However, at this stage, discovery regarding potential parties is appropriate.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel discovery responses (Docket #45) be and the same is hereby **GRANTED in part,** as stated herein; and

**IT IS FURTHER ORDERED** that Defendant supplement its discovery responses as required by this Order no later than **seven (7) days** from the date of this Order.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge