# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN WENINGER, *on behalf of himself and all others similarly situated*,

    Plaintiff,

v.

GENERAL MILLS OPERATIONS, LLC,

    Defendant.

Case No. 18-CV-321-JPS

**ORDER**

On January 30, 2019, the parties in this Fair Labor Standards Act litigation filed a joint motion for settlement approval, which included a copy of the settlement agreement (the "Settlement Agreement"). (Docket #79). On March 7, 2019, Plaintiff filed an unopposed motion for attorneys' fees and costs. (Docket #84). On March 28, 2019, the Court conducted a Fairness Hearing on the parties' request for final approval of the Settlement Agreement and determined that the agreement, including attorneys' fees and costs, was fair. *See* (Docket #92). That same day, the parties submitted a proposed order of dismissal, the balance of which will be adopted below.

Accordingly,

**IT IS ORDERED** that the plaintiff's unopposed motion for attorneys' fees and costs (Docket #84) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that:

1. This Order adopts all defined terms set forth in the Settlement Agreement except as may be otherwise specified herein.

2. The collective class of 437 "current and former hourly paid, non-exempt Production Employees employed by Defendant at any of its Production Facilities in the United States between March 2, 2015 and March 2, 2018 and who received a 'wage incentive bonus' and have filed opt-in forms and/or have consented to join this lawsuit. . ." (the "Settlement Collective") set forth in the stipulation to certify a collective action is certified for settlement purposes. *See* (Docket #82 at 2).

3. The Court finds and determines that (a) the Settlement Agreement reached by the parties constitutes a fair, reasonable, and adequate resolution of a bona fide dispute between the Defendant and all affected current and former employees of Defendant on whose behalf Plaintiff brought this matter; (b) 437 collective members will be bound by the Settlement Agreement, and will receive payments in the aggregate amount of $14,410.00, inclusive of a $5,000.00 service award to Plaintiff; and (c) no class members have objected to the Settlement Agreement.

4. The Settlement Agreement is finally approved, and all terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement Agreement is rationally related to the strength of the claims of Plaintiff and all collective members who are bound by the Settlement Agreement (the "Settling Associates"), given the defenses, risks, expense, complexity, and duration of further litigation. The Court also finds that the Settlement Agreement is the result of arm-length negotiations between experienced counsel representing the interests of the Settlement Collective and Defendant, after adequate factual and legal investigation.

5. As set forth in the Settlement Agreement and Preliminary Approval Order, the Court finds and holds that all Settling Associates are

hereby deemed to have waived and released, to the fullest extent of applicable law, as to the Defendant and other Releasees, any and all wage and hour claims that accrued while employed with Defendant as an hourly paid, non-exempt production employee, relating back to the full extent of the applicable statute of limitations and continuing through the earlier of sixty (60) days after filing of the Approval Motion or the Court's entry of the Final Judgment, including, without limitations, all state and federal claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due (collectively, "Released Claims").

6. The Court finds that the parties have entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims and that Defendant in no way admits to any violation of law or any liability whatsoever to the Plaintiff or Collective Members. This Order is not a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendant. This Order, the Settlement Agreement and exhibits thereto, the Preliminary Approval Order, and any other papers and records on file in this lawsuit may be filed in this Court or in any other litigation as evidence of the settlement by Defendant to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

7. As set forth in Class Counsel's supporting brief and declarations, the requested award of $113,090.00 in attorneys' fees and costs is consistent with the rate of other attorneys in the community and approved rates in similar matters before the Court. The Court finds that the attorneys' fee amount and the costs requested to be reasonable and fair

compensation for counsel given the risk and extent of work in representing the class and the result they attained. The Court further finds that payment of the requested incentive award to Plaintiff John Weninger is appropriate.

8. Without affecting the finality of the Court's Order in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

9. This action is dismissed with prejudice except as necessary to enforce the terms of the Settlement Agreement, each side to bear its own costs and attorneys' fees except as provided in this Order approving Class Counsel's fee and cost request.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge